# CIRCUIT COURT OF HANOVER COUNTY

Kathryn C. Steenburgh

v.

Glen A. Weaver

May 24, 2010

Case No. CR096000685-00

By Judge John Richard Alderman

This matter came on for trial upon a petition to partition. The Court heard argument and received evidence at trial on May 14, 2010, and took the matter under advisement. Following a thorough review of the pleadings, the evidence presented, and the law, the Court finds as follows.

## I. Background

The property in dispute is a single-family residence located at 7091 Port Lane, Mechanicsville, Virginia, and was acquired by the parties on November 30, 2000. The parties resided at the residence together, maintained a romantic relationship, and have a child in common. Their relationship deteriorated, and Ms. Steenburgh filed this suit requesting partition of the property.

## II. Analysis

"The fundamental rule as to partition is: If the property is divisible in kind, any co-owner has the right to insist that partition be so made." 14A Michie's Jurisprudence, *Partition*, § 19 (2008). However, under Virginia law "when partition cannot be conveniently made, the court may allot the whole to any party who will take it and pay in money their

respective shares to the others, it may. sell the whole and divide the proceeds, or it may sell a part and divide the rest." 14A Michie's Jurisprudence, *Partition*, § 19 (2008) (citing Va. Code § 8.01-83).

Given that the property is a single-family residence located within a subdivision, the Court finds, in this case, that the nature of the property does not lend itself to partition in kind and that partition cannot be conveniently made. At trial, both parties requested the property, and each indicated their willingness to compensate the other in money for their respective share. The Court agrees that allotment in whole is the most appropriate remedy.

Ms. Steenburgh arranged for the down payment on the residence of approximately $42,000. Additionally, she provided for significant improvements and builder's upgrades to be made to the residence, including but not limited to the decoration of the interior of the residence. Mr. Weaver paid the mortgage and casualty insurance since the property was acquired to the present. The Court finds Ms. Steenburgh's argument that she "made the house a home" most persuasive and, in accordance with the Court's statutory authority, shall award her the residence accordingly.

Mr. Weaver paid down the principal in the amount of $22,109.04 and fairness and equity require that he be compensated accordingly. Additionally, he made $5,769.29 worth of insurance payments on the residence. Because Mr. Weaver received equal benefit from carrying insurance on the property, the Court finds he shall receive half the value of the insurance payments made. Thus, Ms. Steenburgh shall compensate Mr. Weaver for his respective share in the property in the amount of $24,993.

## III. Conclusion

For the reasons articulated above, the Court awards the property to Ms. Steenburgh. Mr. Weaver shall receive the value of the principal paydown and one-half the insurance payments he made on the property. Ms. Steenburgh shall make payment to Mr. Weaver within sixty days from entry of the Order.